IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:14-cv-00099 |
| v. | § § § | [Removed from the 438th Judicial District Court of Bexar County, Texas] |
| THE NICK VERTUCCI COMPANIES, INC. and NICK VERTUCCI, | § § § § | **JURY DEMANDED** |
| Defendants. | § § | |

## NOTICE OF REMOVAL

COME NOW Defendants, The Nick Vertucci Companies, Inc. ("NV Companies"), and Nick Vertucci ("Vertucci"), an individual (hereinafter collectively referred to as "Defendants"), to hereby remove the action numbered Cause No. 2014C100723 filed by Plaintiff, Real Estate Training International, LLC ("Plaintiff"), against Defendants in the 438th Judicial District of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1332 for the reasons explained below.

### I. STATEMENT OF THE CASE

On January 16, 2013, Plaintiff commenced a lawsuit in the 438th Judicial District Court of Bexar County, Texas, styled *Real Estate Training International, LLC v. The Nick Vertucci Companies, Inc. and Nick Vertucci*; Cause No. 2014C100723, ("State Court Action"). In its petition, Plaintiff asserts the following claims: (1) breach of contract; (2) business disparagement; (3) breach of fiduciary duty; (4) fraud; (5) conversion; (6) tortious interference

with business relations; and (7) tortious interference with prospective relations. Plaintiff seeks injunctive relief and actual and punitive damages, attorneys' fees, and additional remedies.

## II.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). The amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

### A.   The Parties Are Citizens of Different States.

Here, the parties are diverse. According to the State Court Action, Plaintiff is a Delaware limited liability company authorized to do business in Texas, with its principal place of business in San Antonio, Bexar County, Texas. Accordingly, Plaintiff is a citizen of the States of Delaware or Texas. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

Defendant, The Nick Vertucci Companies, Inc., is a Nevada corporation, with its principal place of business in Nevada.

Defendant, Nick Vertucci, is an individual who is a citizen of the State of California, located at 8502 E. Clapman Avenue, Apt. 636, Orange, California 92869.

### B.   The Amount in Controversy Exceeds $75,000.

The face of the petition reveals the amount in controversy exceeds $75,000. Plaintiff alleges on "Page 3 of 14" in the petition filed in the State Court Action that based on the allegations of Defendants' use of Plaintiff's property and confidential information . . . these

intentional, malicious, and fraudulent actions by Defendants are in direct violation of the contract between the parties and have resulted in millions of dollars of lost revenue for Plaintiff." As the Defendants may rely on an estimation of damages calculated from the allegations in the petition, *see SWS Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996); *see also Smith v. American Gen. Life and Acc. Ins., Co.,* 337 F.3d 888, 892 (7th Cir. 2003), accordingly, the amount in controversy exceeds the jurisdiction threshold under 28 U.S.C. 1332(a).

### III.  THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

Removal of this action is timely under 28 U.S.C. § 1446(b).  Service was attempted by leaving a copy of the papers at Defendants' home on January 26, 2014.  Defendants reserve all their rights to raise service defenses and jurisdictional defenses.  Notice has been sent to the state court regarding the removal of this action.

All documents required by 28 U.S.C. § 1446(a) are attached hereto, all adverse parties have been given notice, and a copy of the Notice of Removal will promptly be filed with the clerk of the state district court in which the suit is pending, as required by 28 U.S.C. § 1446(d).

### IV.  JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand a trial by jury.

### V.  CONCLUSION

The Court may exercise diversity jurisdiction over this action.  The parties are diverse and based on Plaintiff's requests for direct claims and damages asserted and injunctive relief sought, the amount in controversy exceeds $75,000.

{27868974;1}

NOTICE OF REMOVAL                                                                                                      PAGE 3 OF 4

Respectfully submitted,

*/s/ Clint A. Corrie*
Clint A. Corrie
Texas Bar No. 04840300
clint.corrie@akerman.com
**AKERMAN LLP**
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANTS**
**THE NICK VERTUCCI COMPANIES,**
**INC. AND NICK VERTUCCI**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served electronically via the Court's Electronic Case Filing (ECF) System, , or via U.S. Mail, first class, postage prepaid, facsimile or hand delivery in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on the following counsel of record on this 29th day of January, 2014:

J. Wes Huesser, II, Esq.
*(Email address unknown)*
Andrew J. Moon, Esq.
*(Email address unknown)*
Ryan A. Quiroz, Esq.
*(Email address unknown)*
2935 Thousand Oaks Drive, #6-285
San Antonio, Texas 78247

*/s/ Clint A. Corrie*
Clint A. Corrie