## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REAL ESTATE TRAINING INTERNATIONAL, LLC, | § § § | |
| *Plaintiff,* | § § | Civil Action No.  SA-14-CV-0099-XR |
| v. | § § | |
| THE NICK VERTUCCI COMPANIES, INC., and NICK VERTUCCI, | § § § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Defendants' motion to dismiss under Rule 12(b)(3) for improper venue, or in the alternative to transfer venue under 28 U.S.C. § 1404.  After careful consideration, the Court GRANTS the motion and orders the case TRANSFERRED to the U.S. District Court for the Central District of California, Southern Division (Santa Anna).

## BACKGROUND

This lawsuit arises out of the dissolution of a business relationship between the parties. Plaintiff Real Estate Training LLC provides educational programming and seminars on real estate financing techniques.  Its principal place of business is San Antonio, Texas, and also does business under the name Armando Montelongo Seminars ("AMS").  Defendant Nick Vertucci is a California resident and a businessman with expertise in cash flow issues in the real estate market.   Defendant Nick Vertucci Companies Inc. is his business.

Sometime in 2010, Defendants entered into a "working association" with Plaintiff.  As part of this arrangement, Vertucci spoke at Plaintiff's seminars around the country.   The

parties agree that several of these occurred in Texas.  In addition, Vertucci was entitled to operate a booth at Plaintiff's seminars, and was exposed to Plaintiff's confidential business information and client lists.  At some point during this relationship, the parties allegedly entered into a "Vendor Agreement" that is largely the subject of this lawsuit.   This contract contained various provisions prohibiting Vertucci from using Plaintiff's confidential information, soliciting its staff or clients, or using its branding in the future.  Doc. No. 5, Ex. A.

In September of 2013, the parties terminated their relationship.  Plaintiff alleges that Vertucci breached the Vendor Agreement by soliciting its clients and employees, and by using its proprietary information.  On January 16, 2014, Plaintiff filed this lawsuit in the 438th Judicial District of Bexar County, Texas.  The original state court petition alleged causes of action for: (1) breach of contract, (2) business disparagement, (3) breach of fiduciary duty, (4) common law fraud, (5) conversion, (6) tortious interference with business relations; and (7) tortious interference with prospective relations.

On January 29, 2014, Defendants removed the case to this Court on the basis of diversity jurisdiction.  Doc. No. 1.  On February 21, 2014, Defendants filed a motion to dismiss for: (1) lack of personal jurisdiction, (2) improper venue, (3) insufficient process and service of process; and (4) failure to state a claim.  Doc. No. 5.  While the motion to dismiss was pending, Plaintiff filed an Amended Complaint.  Doc. No. 9.  On March 21, 2014, the Court issued an order denying the motion to dismiss for lack of personal jurisdiction.  Doc. No. 16.  The Court also denied the motion to dismiss under Rule 12(b)(4) for insufficient process and found that the motion to dismiss under Rule 12(b)(6) for failure to state a claim

had been mooted by the filing of the Amended Complaint.   *Id.*   In its order, the Court set a hearing for the remaining motions.

On the same day as the Court's order, Defendants filed a renewed motion to dismiss as against the Amended Complaint.  Doc. No. 16.  On April 7, 2014, the Court held a hearing on this case.

## DISCUSSION

Defendants assert that venue in the Western District of Texas is improper under 28 U.S.C.  § 1391.  Doc. No 16.    In a diversity action, venue is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper. *See Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011) (citations omitted).  Here, Plaintiff asserts in a conclusory fashion that venue is proper under 28 U.S.C. § 1391(b)(2).  Doc. No. 10.   However, the Amended Complaint lacks factual support indicating that a "substantial part of the events or omissions giving rise to the claim" occurred within this district.  At a hearing on this motion, Plaintiff's counsel conceded that many of the seminars that were the center of the relationship between the parties occurred outside of the state of Texas.  Moreover, the claims at issue in this case involve conduct that

allegedly occurred *after* the parties terminated their business relationship.  These allegations pertain to Vertucci's operation of his business, conduct which appears to be centered in California.  Plaintiff's only argument for why venue exists here is that the contract was allegedly negotiated in Texas.[1]   While this is a relevant factor, it is alone an insufficient grounds on which to base venue in this district.  To the extent that Defendants breached this agreement, all of the alleged breach would have occurred outside of Texas.  Moreover, all of conduct underlying Plaintiff's tort and fiduciary duty claims, if true, would appear to have occurred outside of Texas.  Accordingly, the Court finds that Plaintiff has failed to meet his burden of establishing this Court's venue.  If venue is improper under § 1391, a court may exercise its direction to dismiss or transfer the case.  28 U.S.C. § 1406; *Zurich Am. Ins. Co. v. Tejas Concrete & Materials Inc.*, 2013 WL 5962387 (W.D. Tex. Nov. 6, 2013).    In lieu of dismissing the case, the Court orders it be transferred to the Central District of California, Southern Division (Santa Anna).

In the alternative, even if venue existed in the Western District of  Texas,  Defendants would be able to transfer the case under 28 U.S.C. § 1404.  That transfer statute  provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A party seeking transfer must show "good cause," by balancing various public and private interest factors[2].  *In re Volkswagen of America, Inc.*, 545

---

[1] This argument was advanced at the hearing and does not appear in the Amended Complaint.
[2] These factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

F.3d 304 (5th Cir. 2008) (en banc).  Here, it appears that venue is proper under 28 U.S.C. 1391(b)(2) in the Central District of California.  Counsel for Defendants has indicated that the majority of witnesses and other documentary evidence are located in the California.  In addition, although Texas law will govern this dispute as per the choice of law clause, there is no reason to believe that a federal court sitting in California cannot apply Texas law. Although the Court gives deference to Plaintiff's choice of forum, in this case it appears likely that, even if venue were appropriate in this district, Defendants would be entitled to a transfer under § 1404.

## CONCLUSION

In light of the foregoing analysis, the Court finds that Plaintiff has not established that venue exists in the Western District of Texas.   The clerk is directed to TRANSFER the case to the Central District of California, Southern Division (Santa Anna).  Inasmuch as there are outstanding issues related to service of process, at the hearing on this matter counsel for Defendants stated that he is willing to accept process on his clients' behalf.   All of the other pending motions are DENIED WITHOUT PREJUDICE

SIGNED this 8th day of April, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE